IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-366-D

| | |
|---|---|
| THE UNITED STATES OF AMERICA, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>LARRY DARNELL HILL, JR., )<br>HILLBOY's ENTERTAINMENT, )<br>a/k/a LARRY HILL - HILLBOY'S )<br>ENTERTAINMENT, d/b/a )<br>HILL'S TAX SERVICE, and )<br>CRYSTAL DENISE DICKENS, )<br>)<br>Defendants. ) | **ORDER** |

On February 5, 2018, Larry Darnell Hill, Jr. ("Hill") filed a motion for appointment of counsel [D.E. 25]. On February 8, 2018, Hill filed a motion requesting the court to rescind the entry of default entered against defendant Crystal Denise Dickens ("Dickens") and to appoint Dickens counsel [D.E. 26]. On February 15, 2018, Hill filed a motion to alter, amend, or vacate this court's order denying Hill's motions concerning the discovery plan [D.E. 28]. The government did not respond to the motions.

No constitutional right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances depends upon "the type and complexity of the case, and the abilities of the individuals bringing it." Whisenant, 739 F.2d at 163 (quotation omitted). The claims are straightforward, and the government presented them clearly. This case

does not present exceptional circumstances. Accordingly, Hill's motion for the appointment of counsel [D.E. 25] is denied.

As for Hill's motion to rescind the entry of default and to appoint Dickens counsel [D.E. 26], on January 26, 2018, the clerk entered default against Dickens [D.E. 23]. The court has not entered default against Hill. An individual has the right to conduct a case pro se in federal court. See 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel...."). However, the right to conduct one's own case does not give one a right to litigate on behalf of another. See Oxendine v. Williams, 509 F.2d 1405, 1407 (4th Cir. 1975) (per curiam). "The reasoning behind this rule is two-fold: it protects the rights of those before the court and jealously guards the judiciary's authority to govern those who practice in its courtrooms." Myers v. Loudoun Cty. Pub. Schs., 418 F.3d 395, 400 (4th Cir. 2005) (citations omitted). Thus, the motion to rescind entry of default order and to appoint Dickens counsel [D.E. 26] is denied.

Finally, Hill's motion to alter, amend, or vacate this court's order denying Hill's motions concerning the discovery plan [D.E. 28] is baseless and is denied.

In sum, Hill's motions for appointment of counsel [D.E. 25], requesting the court to rescind the entry of default entered against Dickens [D.E. 26], and to alter, amend, or vacate this court's order [D.E. 28] are DENIED.

SO ORDERED. This __6__ day of April 2018.

JAMES C. DEVER III
Chief United States District Judge

2