IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
No. 5:17-cv-366-D

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | ORDER AND JUDGMENT OF PERMANENT INJUNCTION |
| v. | ) ) | |
| LARRY D. HILL, JR. et. al., | ) ) | |
| Defendants. | ) ) | |

This matter is before the Court on the United States' Motion for Default Judgment against the defendant Crystal Dickens. Having considered the United States' motion, any opposition thereto, and the entire record of this proceeding and for good cause shown, the Court finds that the defendant Crystal Dickens failed to answer or otherwise defend in this action. In addition, for the reasons set forth below, the United States' Motion for Default Judgment is hereby **GRANTED.**

The Court, through the powers afforded it under Fed. R. Civ. P. 55 and 65, and 28 U.S.C. §§1340 and 1345 and 26 U.S.C. §§ 7402, 7407 and 7408 enters this permanent injunction against Crystal Dickens.

It is accordingly, ORDERED, AJUDGED, and DECREED that:

1. The Court has jurisdiction over this action under 28 U.S.C. §§ 1340 and 1345, and 26 U.S.C. §§ 7402, 7407 and 7408.

2. Venue is proper in this Court under 28 U.S.C. § 1391(b)(1).

3. Defendant Crystal Dickens was properly served with a copy of the complaint and summons.

4. Defendant Crystal Dickens failed to answer or otherwise defend in this action.

## An Injunction is Appropriate Under 26 U.S.C. § 7407.

5. Between 2010 and 2012 defendant Crystal Dickens was a tax return preparer with the meaning of 26 U.S.C. § 7701(a)(36) because she prepared federal income tax returns for other persons for compensation.

6. Defendant Crystal Dickens engaged in conduct subject to penalty under 26 U.S.C. § 6694 by:

   i. taking unreasonable positions on the federal income tax returns she prepared which resulted in an understatement of her customers' tax liabilities, and knew or should have known that the positions taken on the tax returns were unreasonable and fraudulent; and

   ii. willfully attempting to understate her customers' tax liabilities' by claiming false credits and exemptions.

7. Defendant Crystal Dickens engaged in conduct subject to penalty under 26 U.S.C. § 6695(g) when she failed to exercise due diligence in determining her customers' eligibility to receive the EITC and Child Tax Credit.

8. Defendant Crystal Dicken engaged in other fraudulent or deceptive conduct which substantially interferes with the proper administration of the internal revenue laws as evidenced by her pleading guilty to knowingly making and presenting a false fictitious and fraudulent claim for a federal income tax refund to the Internal Revenue Service in violation of 18 U.S.C. § 287.

9. Between 2010 and 2012 tax years defendant Crystal Dickens continually and repeatedly engaged in conduct prohibited by 26 U.S.S. §§ 6694 and 6695 when she filed over 433 federal income tax returns which resulted in an average loss for the United States of $4,939 per return.

10. A limited or specific injunction that enjoins Defendant Crystal Dickens from engaging in conduct prohibited by 26 U.S.C. §§ 6694 and 6695 is insufficient to prevent her

from interfering with the administration of the internal revenue laws because of her continuous and repeated violations of 26 U.S.C. §§ 6694 and 6695(g) over a three year period, and because she engaged in other fraudulent and deceptive conduct as evidenced by her criminal conviction under 18 U.S.C. § 287. *See* 26 U.S.C. § 7407(b)(1)(A) and (D).

11. An injunction under 26 U.S.C. § 7407(b)(2) barring defendant Crystal Dickens from acting as a tax return preparer altogether is appropriate.

### An Injunction is Appropriate Under 26 U.S.C. § 7408

12. Defendant Crystal Dickens engaged in conduct subject to penalty under 26 U.S.C. § 6701 by:

   i. continually preparing and filing fraudulent federal income tax returns that she knew or had reason to know contained material matters arising under the internal revenue laws that would result in an understatement of her customers' tax liability;

   ii. continually preparing and filing federal income tax returns that claimed:
      i. false wages, interest income or withholding information;
      ii. false or inflated tax deductions and exemptions;
      iii. false Child Tax Credits
      iv. overstated or false claims for the Earned Income Tax Credit;
      v. false claims for the American Education Opportunity Credit;
      vi. false Schedules C business income, expenses and losses; and
      vii. overstated Make Work Pay Credits.

13. An injunction under 26 U.S.C. § 7408 is appropriate to enjoin Defendant Crystal Dickens from engaging in conduct prohibited by 26 U.S.C. § 6701 due to:

   i. the gravity of harm Crystal Dickens has caused to the United States by utilizing these tax schemes;

   ii. Crystal Dickens being an employee and manager of Hill Tax Service and promoting of these egregious tax schemes ;

   iii. Crystal Dickens lack of assurances against future violations as evidenced by her failure to sign a consent injunction after agreeing to do so in her plea agreement.

3

### An Injunction is Necessary and Appropriate Under 26 U.S.C. § 7402

14. An injunction under 26 U.S.C. § 7402(a) is necessary and appropriate because defendant Crystal Dickens has interfered with the enforcement of the internal revenue laws by employing an abusive tax scheme.

### PERMANENT INJUNCTION

15. Defendant Crystal Dickens is permanently enjoined under 26 U.S.C. §§ 7402(a) and 7407 from

   i. acting as a federal tax return preparers, preparing or filing federal tax returns, amended returns, and other related tax documents and forms for any entity or person other than herself;

   ii. advising, assisting, counseling, or instructing anyone about the preparation or filing of federal tax returns, amended returns, and other related tax documents and forms for any entity or person other than herself;

   iii. representing or appearing on behalf of any person before the Internal Revenue Service;

   iv. engaging in any conduct subject to penalty under 26 U.S.C. § 6694, including but not limited to, preparing tax returns that falsely claim Schedule C business income and expenses; false wage, interest income and withholding information; deductions and/or exemptions, Child Tax Credits, American Opportunity Education Credits, and Make Work Pay Credits;

   v. engaging in any conduct subject to penalty under 26 U.S.C. § 6695(g), including but not limited to failing to comply with due diligence requirements to determine eligibility for the Earned Income Tax Credit; and

   vi. engaging in conduct that interferes with the proper administration and enforcement of the internal revenue laws;

16. Defendant Crystal Dickens is permanently enjoined under 26 U.S.C. § 7408 from:

   i. engaging in activity subject to penalty under 26 U.S.C. § 6701, including preparing or assisting in the preparation of a federal tax return, amended return, refund claim, or any other document relating to a matter material under the internal revenue laws that includes a position that she knows will, if used, result in the understatement of another person's federal tax liability;

17. Defendant Crystal Dickens is permanently enjoined under 26 U.S.C. § 7402 from:

i. engaging in conduct that interferes with the proper administration and enforcement of the internal revenue laws;

ii. attempting to obtain or use an IRS preparer identification number (PTIN) or IRS electronic filing identification number (EFIN) for any purpose; and

iii. having any direct or indirect ownership interest in, profiting from, or working or volunteering for any business that prepares federal tax returns for other or represents taxpayers before the IRS.

iv. engaging in any other conduct subject to penalty under the Internal Revenue Code; and

v. misrepresenting any of the terms of this Order and Judgment of Permanent Injunction.

18. This Court shall retain jurisdiction over this civil action to enforce Defendant Crystal Dickens' compliance with the terms of this Order and Permanent Injunction.

19. This Court authorizes the United States to take post-judgment discovery to ensure compliance with the Court's injunction.

SO ORDERED. This 17 day of December 2018.

JAMES C. DEVER III
United States District Judge

5