IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-366-D

| | |
|---|---|
| UNITED STATES, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| LARRY DARNELL HILL JR., ) | |
| HILLBOY'S ENTERTAINMENT, ) | |
| and CRYSTAL DENISE DICKENS, ) | |
| ) | |
| Defendants. ) | |

On July 21, 2017, the United States of America ("United States" or "plaintiff") filed a complaint against Larry Darnell Hill, Jr. ("Hill"), Hillboy's Entertainment, d/b/a Hill's Tax Service ("Hill's Tax"), and Crystal Denise Dickens ("Dickens"; collectively "defendants"), seeking a permanent injunction pursuant to 26 U.S.C. §§ 7402, 7407, and 7408 to prohibit, inter alia, defendants from preparing or filing federal income tax returns [D.E. 1]. On July 16, 2018, the United States moved for summary judgment against Hill and Hill's Tax [D.E. 36], and the United States filed a statement of material facts [D.E. 37], an appendix [D.E. 38], and a memorandum in support [D.E. 39]. On August 2, 2018, Hill, proceeding pro se, responded in opposition [D.E. 42]. On October 31, 2018, the United States replied [D.E. 44]. On November 26, 2018, Hill moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [D.E. 47]. On November 30, 2018, the United States responded in opposition [D.E. 48]. On December 17, 2018, Hill moved to oppose the United States's response [D.E. 50].[1] As explained below, the court grants

---

[1] The court construes Hill's motion as a reply. See Local Civ. R. 7.1(g).

the United States's motion for summary judgment [D.E. 36] and denies Hill's motion for reconsideration [D.E. 47].

I.

From 2010 until 2012, Hill owned a tax preparation business, Hillboy's Entertainment, which did business as Hill's Tax Service. See [D.E. 37] ¶ 1; [D.E. 38] 4 ¶ 3. Hill's Tax maintained offices in Rocky Mount, Farmville, Scotland Neck, Hollister, and Wilson, North Carolina. See [D.E. 37] ¶ 1. Hill trained his employees to prepare and file federal income tax returns, and obtained Electronic Filing Identification Numbers ("EFIN") from the IRS for each Hill's Tax office. See id. ¶¶ 3–5; [D.E. 38] 5 ¶ 7.

During 2010, 2011, and 2012, Hill and his employees, acting at his direction, prepared and filed federal income tax returns that reported false income information, improper deductions and exemptions, false Child Tax Credits, exaggerated or false Earned Income Tax Credit claims, and other fraudulent representations. See [D.E. 37] ¶ 6; [D.E. 38] 5, 7–9 ¶¶ 8, 11–19; Reynolds Decl. [D.E. 38] ¶¶ 7–8. Hill admitted that, over the three-year period that he operated the fraud, he filed over 2,800 federal income tax returns that claimed approximately $14.4 million in federal income tax refunds. See [D.E. 37] ¶ 8; Reynolds Decl. ¶¶ 18, 21–22. Hill often collected a "tax preparation fee" from the false tax refunds (between $500 and $1,000 per return), gave a "small portion" to his customers, and kept the remainder of the refund (approximately "$1–3000") for his personal benefit. [D.E. 37] ¶ 10; see [D.E. 38] 9–10 ¶¶ 20–23.

The Internal Revenue Service ("IRS") audited 72 tax returns that Hill and Hill's Tax filed and determined that all of the returns failed to report taxable income accurately. See [D.E. 37] ¶ 9. Based on the audited returns, IRS concluded that Hill was responsible for "a tax loss of $365,162," an average of $5,072 per return. Id. ¶ 9. IRS has conducted both a criminal and civil investigation

2

into Hill's fraudulent scheme. See id. ¶ 12.

On August 5, 2013, Hill pleaded guilty to one count of conspiracy to defraud the United States in violation of 18 U.S.C. § 286 and one count of filing a false tax return in violation of 26 U.S.C. § 7206(1). See id. ¶ 11. Hill received a sentence of 100 months' imprisonment in the Eastern District of North Carolina and was ordered to pay nearly $5,000,000 in restitution. [D.E. 38] 13, 16. After Hill's conviction, Hill refused to agree to a permanent injunction that would prohibit Hill and Hill's Tax from preparing or filing federal income tax returns after his release. See id. ¶ 13; [D.E. 17-1] 3.

II.

The court has subject-matter jurisdiction over this action. See 26 U.S.C. § 7402(a). Summary judgment is appropriate when, after reviewing the record as a whole, the court determines that no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986). The party seeking summary judgment must initially demonstrate the absence of a genuine issue of material fact or the absence of evidence to support the nonmoving party's case. Celotex Corp. v. Catrett, 477 U.S. 317, 325 (1986). Once the moving party has met its burden, the nonmoving party may not rest on the allegations or denials in its pleading, Anderson, 477 U.S. at 248–49, but "must come forward with specific facts showing that there is a genuine issue for trial." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (emphasis and quotation omitted). A trial court reviewing a motion for summary judgment should determine whether a genuine issue of material fact exists for trial. Anderson, 477 U.S. at 249. In making this determination, the court must view the evidence and the inferences drawn from that evidence in the light most favorable to the nonmoving party. Scott v. Harris, 550 U.S. 372, 378 (2007).

3

A genuine issue of material fact exists if a reasonable jury, considering the evidence, could return a verdict for the nonmoving party. Anderson, 477 U.S. at 248. A scintilla of evidence or mere speculation is insufficient. Beale v. Hardy, 769 F.2d 213, 214 (4th Cir. 1985). Only factual disputes that affect the outcome of the litigation under substantive law properly preclude the entry of summary judgment. See Anderson, 477 U.S. at 248.

A.

The United States seeks a permanent injunction prohibiting Hill or Hill's Tax from preparing or filing federal income tax returns pursuant to 26 U.S.C. §§ 7402, 7407, and 7408. These statutes expressly authorize injunctive relief, and the court can grant injunctive relief without regard to the four traditional equitable requirements. See United States v. Carter, No. 3:16-CV-673-FDW-DCK, 2017 WL 4369488, at *2 (W.D.N.C. Oct. 2, 2017) (unpublished); United States v. Renfrow, 612 F. Supp. 2d 677, 685 (E.D.N.C. 2009); Abdo v. IRS, 234 F. Supp. 2d 553, 564 (M.D.N.C. 2002), aff'd, 64 F. App'x 163 (4th Cir. 2003) (per curiam) (unpublished).

The United States argues that 26 U.S.C. § 7407 of the Internal Revenue Code authorizes the court to issue a permanent injunction against Hill and Hill's Tax. Section 7407 authorizes such injunctive relief against any tax return preparer who engages in conduct that violates 26 U.S.C. §§ 6694 or 6695 or is otherwise subject to criminal penalty under Title 26. See 26 U.S.C. § 7407(a), (b)(1)(A). Additionally, if the court finds that a permanent injunction is necessary to restrain future violations, then the court can grant this relief. See 26 U.S.C. § 7407(b)(1)–(2).

As for the United States's claim for a permanent injunction pursuant to 26 U.S.C. § 7407, section 7407 authorizes a court to permanently enjoin any person from acting as a tax return preparer if the court finds that the person has "continually or repeatedly engaged in [criminal or fraudulent conduct concerning tax preparation] and that an injunction prohibiting such conduct would not be

4

sufficient to prevent such person's interference with the proper administration of [the Internal Revenue Code]." 26 U.S.C. § 7407. Hill and Hill's Tax qualify as "tax return preparers" within the meaning of the Internal Revenue Code because each prepared federal income tax returns for compensation or employed one or more persons to do so. See 26 U.S.C. § 7701(a)(36); [D.E. 37] ¶¶ 2, 5. In addition, both Hill and Hill's Tax have committed fraudulent and criminal conduct in preparing tax returns. Hill pleaded guilty to conduct subject to criminal penalty pursuant to 26 U.S.C. § 7206, see [D.E. 37] ¶ 11, and both Hill and Hill's Tax engaged in conduct violating 26 U.S.C. § 6694 by filing thousands of tax returns that understated tax liability in numerous ways. See [D.E. 37] ¶¶ 6–8. Because Hill engaged in this behavior repeatedly and caused significant losses to the United States, see [D.E. 37] ¶¶ 6, 8, an injunction limited in scope to prohibiting future violations is insufficient to prevent Hill and Hill's Tax from interfering with the "proper administration" of the Internal Revenue Code. 26 U.S.C. § 7407(b); see Abdo, 234 F. Supp. 2d at 566–67. Accordingly, Hill's conduct is subject to a permanent injunction pursuant to 26 U.S.C. § 7407.

Alternatively, the United States seeks injunctive relief pursuant to 26 U.S.C. § 7408, which authorizes such relief if a person has engaged in "specified conduct" and injunctive relief is appropriate to prevent the recurrence of such conduct. See 26 U.S.C. § 7408(b). Specified conduct includes any action penalized under 26 U.S.C. § 6701, such as aiding, assisting, procuring, or advising the preparation of any portion of a return with knowledge or reason to believe that return would be materially used to result in a understatement of another's tax liability. See 26 U.S.C. §§ 7408(c)(1); 6701(a)(1)–(3). Both Hill and Hill's Tax aided in preparing and filing tax returns that took unreasonable tax positions to minimize customers' tax liabilities. See, e.g., [D.E. 37] ¶¶ 6–8. Thus, Hill and Hill's Tax engaged in "specified conduct" within the meaning of 26 U.S.C. § 7408(b). See, e.g., Carter, 2017 WL 4369488 at *2–3. Accordingly, Hill's conduct is subject to an injunction

5

under 26 U.S.C. § 7408.

Finally, the United States seeks injunctive relief pursuant to 26 U.S.C. § 7402. Section 7402 authorizes a federal district court to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws." 26 U.S.C. § 7402(a). The remedies available under section 7402 are "in addition to and not exclusive of any and all other remedies." Id. Section 7402 provides a federal district court with "a full arsenal of powers to compel compliance with the internal revenue laws." Brody v. United States, 243 F.2d 378, 384 (1st Cir. 1957); see United States v. Ernst & Whinney, 735 F.2d 1296, 1300 (11th Cir. 1984); United States v. First Nat'l City Bank, 568 F.2d 853, 855–56 (2d Cir. 1977); United States v. Heggins, 240 F. Supp. 3d 399, 407 (W.D.N.C. 2017). Hill spearheaded numerous violations of the Internal Revenue Code that resulted in a multi-million dollar loss to the United States. Cf, e.g., Heggins, 240 F. Supp. 3d at 407; Renfrow, 612 F. Supp. 2d at 691. Accordingly, Hill's conduct is subject to an injunction under section 7402(a).

B.

Having found that Hill and Hill's Tax engaged in conduct subject to 26 U.S.C. §§ 7402(a), 7407, and 7408, the court must consider whether an injunction is appropriate. See 26 U.S.C. §§ 7402(a), 7407(b)(2), 7408(b)(2). To do so, the court assesses the totality of the circumstances, including the following five factors:

> (1) the gravity of harm caused by the offense; (2) the extent of the defendant's participation and the defendant's degree of scienter; (3) the isolated or recurrent nature of the infraction and the likelihood that the defendant's customary business activities might again involve the defendant in such transaction; (4) the defendant's recognition of his or her own culpability; and (5) the sincerity of the defendant's assurances against future violations.

United States v. ITS Fin., LLC, 592 F. App'x 387, 400 (6th Cir. 2014) (unpublished); see United

States v. Kaun, 827 F.2d 1144, 1149–50 (7th Cir. 1987); Carter, 2017 WL 4369488, at *3; Heggins, 240 F. Supp. 3d at 406–07; Renfrow, 612 F. Supp. 2d at 691–92; Abdo, 234 F. Supp. 2d at 564–65.

As for the gravity of harm, Hill's criminal activities resulted in immense harm to the United States and the public treasury. Hill and Hill's Tax filed over 2,800 tax returns that claimed over $14.4 million in federal income tax refunds. See [D.E. 37] ¶ 8; [D.E. 39] 16. IRS also conducted multiple investigations into Hill's activities that required significant resources. See [D.E. 37] ¶ 12. As for the extent of Hill's participation and scienter, Hill was the "mastermind" behind the Hill's Tax operation. [D.E. 38] 13. Hill owned, operated, and managed Hill's Tax. See [D.E. 37] ¶ 1. Hill also trained and directed his employees to file the falsified returns. See id. ¶¶ 5–6. Moreover, Hill pleaded guilty to filing a false tax return in violation of 26 U.S.C. § 7206(1), which requires a mens rea of willfulness. Hill also personally benefitted from the fraudulent scheme, which indicates his knowledge of the fraud. See [D.E. 37] ¶ 10. As for the nature of the crimes, Hill operated the fraud continuously from 2010 until 2012. See [D.E. 37] ¶ 1. Hill's refusal to cease filing or preparing tax returns indicates that his future business activities might lead to future violations. See [D.E. 17-1] 3. As for the remaining factors, Hill did plead guilty, but he offers no credible assurances that he will not engage in future criminal activities.

Considering the totality of the circumstances, a permanent injunction restraining Hill and Hill's Tax from preparing or filing federal income tax returns is appropriate to prevent future violations of the Internal Revenue Code by Hill or Hill's Tax. See, e.g., Renfrow, 612 F. Supp. 2d at 691–92; Abdo, 234 F. Supp. 2d at 565–66.

C.

The United States has met its burden to show the absence of a genuine issue for trial. Cf. Celotex Corp., 477 U.S. at 325. Hill, however, has not attempted to come forward with specific facts

7

to rebut that showing. Cf. Matsushita, 475 U.S. at 587. Instead, in opposition to the United States's motion for summary judgment, Hill requests only that the court stay the motion for summary judgment to permit further discovery. See [D.E. 42] 1–2.

Generally, a court should grant a motion for summary judgment only "after adequate time for discovery." Celotex, 477 U.S. at 322; see McCray v. Md. Dep't of Transp., 741 F.3d 480, 483 (4th Cir. 2014). Under Rule 56(d) of the Federal Rules of Civil Procedure, a district court can stay a motion for summary judgment if the nonmoving party shows specifically that it cannot "present facts essential to justify its opposition." Fed. R. Civ. P. 56(d); see Pisano v. Strach, 743 F.3d 927, 931 (4th Cir. 2014); Ingle ex rel. Estate of Ingle v. Yelton, 439 F.3d 191, 195 (4th Cir. 2006); Heyer v. U.S. Bureau of Prisons, No. 5:11-CT-3118-D, 2013 WL 943406, at *2 (E.D.N.C. Mar. 11, 2013) (unpublished). Although such motions are favored, see McCray, 741 F.3d at 484, "a court may deny a Rule 56(d) motion when the information sought would not by itself create a genuine issue of material fact sufficient for the nonmovant to survive summary judgment." Pisano, 743 F.3d at 931; see Tyree v. United States, 642 F. App'x 228, 230 (4th Cir. 2016) (per curiam) (unpublished); Poindexter v. Mercedes-Benz Credit Corp., 792 F.3d 406, 411 (4th Cir. 2015); Ingle, 439 at 195.

The court construes Hill's response as a motion to stay summary judgment under Rule 56(d). Cf. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Additional discovery will not create a genuine issue of material fact sufficient for Hill to survive summary judgment. Under the doctrine of issue preclusion, a party to a criminal action cannot relitigate issues that were directly determined in that action in a subsequent civil action. See Emich Motors Corp. v. Gen. Motors Corp., 340 U.S. 558, 568 (1951); United States v. Wight, 839 F.2d 193, 196 (4th Cir. 1987); Ridley v. Leavitt, 631 F.2d 358, 359 (4th Cir. 1980) (per curiam). Thus, Hill cannot use information obtained in discovery to contest the factual basis of his criminal conviction for violating 26 U.S.C. § 7206, which underlies

8

the United States's claims for an injunction. Even if Hill could do so, Hill does not articulate how further discovery on these or any issues would create a genuine issue of material fact. See Pisano, 743 F.3d at 931; Tyree, 642 F. App'x at 230; Poindexter, 792 F.3d at 411; Ingle, 439 at 195. Hill's conclusory statement that he "needs this discovery" to oppose the government's motion is insufficient. [D.E. 42] 2. Accordingly, the court grants the government's motion for summary judgment concerning its claim for a permanent injunction pursuant to 26 U.S.C. §§ 7407, 7408, and 7402(a).

III.

On November 26, 2018, Hill moved for reconsideration pursuant to Rule 59(e) of the Federal Rules of Civil Procedure [D.E. 47]. Rule 59(e) of the Federal Rules of Civil Procedure allows a party to file a motion to alter or amend a judgment "no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). The Fourth Circuit has interpreted Rule 59(e) to permit three grounds for amending a prior judgment: (1) to accommodate an intervening change in controlling law, (2) to account for new evidence that was not available at trial, or (3) to correct a clear error of law or prevent manifest injustice. See Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998); EEOC v. Lockheed Martin Corp., 116 F.3d 110, 112 (4th Cir. 1997); Hutchinson v. Staton, 994 F.2d 1076, 1081 (4th Cir. 1993). Hill's motion concerns the United States's motion for summary judgment on its statutory claims for a permanent injunction [D.E. 36], which was pending when Hill moved to alter or amend the judgment. The court had not yet ruled on the United States's motion for summary judgment when Hill moved for reconsideration. Thus, Hill's motion to reconsider is premature, and the court denies Hill's motion to reconsider.

Alternatively, Hill's motion lacks merit. Hill first argues that a permanent injunction prohibiting him from preparing or filing any federal income tax returns would violate the Double

9

Jeopardy Clause of the Fifth Amendment. See [D.E. 47] 1–2. Hill also argues that the motion should be stayed pending appeal of his criminal action. Id.

The Double Jeopardy Clause "prohibits successive . . . criminal prosecutions . . . and punishments for the same conduct." Jones v. SEC, 115 F.3d 1173, 1183 (4th Cir. 1997) (emphasis added); see U.S. Const. amend. V. It "protects only against the imposition of multiple criminal punishments for the same offense." Hudson v. United States, 522 U.S. 93, 99 (1997) (emphasis omitted); United States v. Cox, 743 F. App'x 509, 512 n.3 (4th Cir. 2018) (per curiam) (unpublished); United States v. Juvenile Male, 359 F. App'x 417, 418 (4th Cir. 2010) (per curiam) (unpublished). Whether a punishment is civil or criminal is "at least initially . . . a matter of statutory construction." Hudson, 522 U.S. at 99. The court first considers if the legislature expressly or impliedly indicated whether a punishment is civil or criminal. See id. If the legislature indicated that a punishment is civil, courts then evaluate whether the punishment is so punitive in purpose or effect as to constitute a criminal sanction notwithstanding the civil label. See id.

As for Hill's Double Jeopardy argument, the United States seeks a permanent injunction under three sections of the Internal Revenue Code. The plain language of each statute expressly indicates that the current proceedings are civil, not criminal, in nature. See 26 U.S.C. § 7402(a) (stating that district courts "shall have such jurisdiction to make and issue in civil actions . . . orders of injunction"); id. § 7407(a) (stating that district courts have jurisdiction over "civil action[s] . . . to enjoin any person who is a tax return preparer"); id. § 7408(a) (stating that district courts have jurisdiction over "civil action[s] . . . to enjoin any person from further engaging in specified conduct"). Moreover, each statute is located within Subchapter A of Chapter 76 of the Internal Revenue Code, entitled "Civil Actions by the United States." Cf. Yates v. United States, 135 S. Ct. 1074, 1083–84 (2015) (using the location of a statute to interpret its meaning). To override these

10

indications of legislative intent, Hill must show the "clearest proof" that the injunctions authorized are really criminal punishments. Brewer v. Kimel, 256 F.3d 222, 226 (4th Cir. 2001) (quotation omitted). Hill fails to do so. Thus, the court rejects Hill's Double Jeopardy argument. See Hudson, 522 U.S. at 99.

As for Hill's argument that the government's motion for summary judgment should be stayed pending the resolution of his appeal of his criminal case, Hill's criminal appeal does not implicate this civil proceeding because the United States can also establish Hill's conduct through the IRS's parallel civil investigation. See [D.E. 48] 3–4. Moreover, this argument fails to address the three factors that courts in the Fourth Circuit analyze in evaluating a motion under Rule 59(e). Thus, the court rejects Hill's argument, and the court denies Hill's motion to reconsider.

IV.

The court issues an injunction permanently barring Larry Darnell Hill, Jr., and Hillboy's Entertainment, d/b/a Hill's Tax Service (collectively, "defendants"), and their agents, representatives, employees, successors, and all other persons or entities in active concert or participation with defendants, Larry Darnell Hill, Jr., and Hillboy's Entertainment, d/b/a Hill's Tax Service, or any of them from:

> 1. Preparing, assisting in the preparation of, or directing the preparation or filing of federal tax returns or forms on behalf of any person or entity other than defendant;
>
> 2. Giving any tax advice to any other person or entity for pay;
>
> 3. Appearing as a representative of any person or entity before the IRS;
>
> 4. Engaging in conduct subject to penalty under I.R.C. § 6700, including preparing or assisting in the preparation of a document related to a matter material to the internal revenue laws that includes a position that defendant knows would, if used, result in an understatement of another person's tax liability;
>
> 5. Organizing, promoting, marketing, or selling any entity, plan or arrangement that

advises or assists customers to attempt to violate the internal revenue laws or unlawfully evade the assessment or collection of their federal tax liabilities, including by means of complex trust programs;

6. Engaging in conduct subject to penalty under I.R.C. § 6700, including making, furnishing, or causing another person to make or furnish statements about the allowability of any deduction, credit, or the securing of any tax benefit by reason of participating in a tax shelter, entity, plan, or arrangement, that defendant knows or has reason to know is false or fraudulent;

7. Telling customers that they may continue to control and receive beneficial enjoyment from assets irrevocably transferred to a trust without regard to the grantor trust rules of I.R.C. §§ 673 through 677;

8. Engaging in any other conduct subject to any penalty under the I.R.C. or any other conduct that interferes with the administration and/or enforcement of the internal revenue laws; and

9. Engaging in any of the activities listed in Paragraphs 1 through 9 above through the use of any other individual or entity.

Pursuant to 26 U.S.C. §§ 7402, 7407, and 7408, the court orders that:

10. Within 75 days after issuance of this order and injunction, defendants must file with the court and provide to the government's counsel a complete list of customers (including names, addresses, phone numbers, e-mail addresses, and social security numbers or employer identification numbers) for whom defendants have prepared individual or trust federal income tax returns, or whom defendants have assisted in the creation of any trust or other entity;

11. Within 75 days after issuance of this order and injunction, defendants must, at their own expense, send a copy of this order and injunction in this action to each of their customers, employees, and associates, both current and former;

12. Within 90 days after issuance of this order and injunction, defendants must provide evidence of their compliance with the foregoing paragraph by filing a declaration with this court listing the names and addresses of individuals or entities to whom defendants have mailed a copy of this order and injunction; and

13. The government be permitted to engage in post-injunction discovery to monitor defendants' compliance with the injunction.

Defendants' failure to abide by this order and injunction may be punished by criminal

contempt under 18 U.S.C. § 401 and otherwise as provided by law.

V.

In sum, the court GRANTS plaintiff's motion for summary judgment [D.E. 36] concerning its statutory claims for a permanent injunction and DENIES Hill's motions for reconsideration [D.E. 47, 50]. The court issues the permanent injunction against Hill and Hill's Tax.

SO ORDERED. This _7_ day of January 2019.

                                                JAMES C. DEVER III
                                                United States District Judge