IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:17-CV-366-D

UNITED STATES,

    Plaintiff,

v.              ORDER

LARRY DARNELL HILL JR.,
HILLBOY'S ENTERTAINMENT,
and CRYSTAL DENISE DICKENS,

    Defendants.

On July 21, 2017, the United States of America ("United States" or "plaintiff") filed a complaint against Larry Darnell Hill, Jr. ("Hill"), Hillboy's Entertainment, d/b/a Hill's Tax Service ("Hill's Tax"), and Crystal Denise Dickens ("Dickens," collectively "defendants"), seeking a permanent injunction pursuant to 26 U.S.C. §§ 7402, 7407, and 7408 to prohibit, inter alia, defendants from preparing or filing federal income tax returns [D.E. 1]. On July 16, 2018, the United States moved for summary judgment against Hill and Hill's Tax [D.E. 36], and the United States filed a statement of material facts [D.E. 37], an appendix [D.E. 38], and a memorandum in support [D.E. 39]. On August 2, 2018, Hill, proceeding pro se, responded in opposition [D.E. 42]. Hill's response indicated that he "ha[d] received no discovery that he asked for or a response stating the discovery is not in the possession of the moving party." Id. at 2. On October 30, 2018, the court directed the parties to file responses describing any discovery requests plaintiff received from Hill and any discovery plaintiff produced to Hill [D.E. 43]. The court also denied Hill's requests for admission as frivolous. Id. On October 31, 2018, the United States filed a response [D.E. 44]. The

United States mailed a copy of its filing to Hill, and the prison refused the mailing and returned it to the United States. See [D.E. 49, 52]. However, Hill did receive a copy of the filing. See [D.E. 52-1]. On January 7, 2019, the court granted the United States's motion for summary judgment and denied Hill's motion for reconsideration as premature [D.E. 53].

On January 18, 2019, Hill filed a notice of appeal [D.E. 55]. On January 28, 2019, Hill filed a motion for reconsideration [D.E. 58]. The United States filed a response in opposition [D.E. 60], and Hill has filed a reply [D.E. 64, 65]. Hill also moves for appointment of counsel [D.E. 66]. On March 6, 2019, the Fourth Circuit stayed Hill's appeal pending resolution of his motion for reconsideration. See Order, United States v. Hill, No. 19-1104, [D.E. 10] (4th Cir. Mar. 6, 2019).

Federal Rule of Civil Procedure 59(e) permits a court to alter or amend a judgment. See Fed. R. Civ. P. 59(e). Whether to alter or amend a judgment pursuant to Rule 59(e) is within the sound discretion of the district court. See, e.g., Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 653 (4th Cir. 2002); Hughes v. Bedsole, 48 F.3d 1376, 1382 (4th Cir. 1995). Although Rule 59(e) does not specify a standard for granting a motion to alter or amend, the Fourth Circuit recognizes three reasons for granting a motion under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not [previously] available . . . ; or (3) to correct a clear error of law or prevent manifest injustice." Zinkand v. Brown, 478 F.3d 634, 637 (4th Cir. 2007) (quotation omitted); see Bogart v. Chapell, 396 F.3d 548, 555 (4th Cir. 2005); Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998).

Hill argues that it was improper for the court to rule on the motion for summary judgment when there was "a recurring issue in my being served with pleadings in this case and others." Mot. Recons. 2 [D.E. 58]. Hill does not demonstrate any error, much less a clear error, in the court's order of January 7, 2019. Thus, the court denies the motion for reconsideration.

2

As for Hill's motion for appointment of counsel [D.E. 66], no right to counsel exists in civil cases absent "exceptional circumstances." Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), abrogated in part on other grounds by Mallard v. U.S. Dist. Court, 490 U.S. 296 (1989); see Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances "hinges on [the] characteristics of the claim and the litigant." Whisenant, 739 F.2d at 163. The facts of this case and Hill's abilities do not present exceptional circumstances. Accordingly, the court denies Hill's motion for appointed counsel.

In sum, the court DENIES the pending motions [D.E. 58, 66]. The clerk shall return the record to the Fourth Circuit.

SO ORDERED. This 2 1 day of August 2019.

_/s/ J. Dever_
JAMES C. DEVER III
United States District Judge